[No. 30534. Department One. June 30, 1948.]

RUTH A. WALTER, *Respondent,* v. N. R. BAILEY *et al.,*
*Appellants.*[1]

*Charles A. Turner,* for appellants.

*Arnold R. Zempel, John C. Richards,* and *Max Kosher,* for
respondent.

SIMPSON, J.—This case involves a contract to purchase an
equity in real estate. Plaintiff sued to recover the sum of
eight hundred dollars which she claimed was due under
the terms of the contract. After trial to the court, findings
of fact and conclusions of law were entered, and based
thereupon the court entered its judgment in favor of plain-
tiff and against the defendants, in the sum of eight hundred
dollars.

Defendants in their appeal make assignments of error
which call in question the correctness of the findings, the
conclusions, and the judgment.

April 21, 1941, respondent entered into a land contract
with the Cascade Savings & Loan Association, by the terms
of which she agreed to purchase three lots in the city of
Everett for the sum of twenty-five hundred dollars. The

[1]Reported in 195 P. (2d) 118.

contract recited that two hundred fifty dollars had been paid at the time the contract was entered, and that the balance should be paid in monthly installments of $22.50, or more. February 1, 1945, respondent and appellants entered into a written contract by the terms of which the appellants purchased of the respondent her equity in the real estate, agreeing to pay for the same the sum of eight hundred dollars, and the balance due on the contract, and granting respondent the right to occupy free of rental for ten years a portion of the property, the purpose being to finally pay to the respondent the equivalent of thirty-five hundred dollars which was mentioned as the total purchase price of the property.

The only question presented for our consideration is whether or not the sum of eight hundred dollars was paid by the appellants to respondent. Respondent's testimony was positive in that the eight hundred dollars had not been paid. On the other hand, appellants testified that the money had been paid, and submitted some corroborating evidence to show that the payments were made as provided for in the contract.

It is not necessary for us to set out in this opinion the evidence given by the parties to this action. It is sufficient to say that we have read the statement of facts and have examined the exhibits introduced in evidence, and that, having given that consideration, must conclude that the judgment of the trial court must be sustained. There is not sufficient evidence contained in this statement of facts to overcome the findings and judgment of the trial court. As a matter of fact, we, from reading the record, conclude that the court could have reached no other conclusion.

██ Counsel for appellants make the contention that there was never any delivery of the contract entered into by respondent and appellants, and further contend that the contract was unenforcible because N. R. Bailey had not signed it. This contention is without merit, for the reason that the appellants accepted the assignment of the original contract, subject to the unpaid balance to become due,

which they later paid, and upon full payment received a deed from the original owner, which they recorded. Aside from this, they took possession of the property immediately after the contract of February 1, 1945, was signed.

Finding no error, we affirm the judgment.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.